IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES DEAN TAYLOR,

      Plaintiff,                     No. CIV S-08-1081 GEB EFB P

    vs.

KATHY PROSPER, et al.,

      Defendants.              FINDINGS & RECOMMENDATIONS

                              /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and, for the reasons explained below, finds it fails to state a claim for relief.

       To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Plaintiff claims that defendants are denying him a transfer to a facility located closer to his family. Inmates do not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another. *Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam). Nor does an inmate have a constitutional right to any

particular classification. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987). Alleged deprivations of rights arising from prison officials' housing and classification decisions do not give rise to a federal constitutional claim encompassed by the Fourteenth Amendment. *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and regulations give rise to an interest protected by the Fourteenth Amendment only where the restraint on a prisoner's liberty "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995). Incarceration at a facility that is not located near one's family is not an atypical or significant hardship as contemplated by *Sandin*. Inmates have no federal constitutional right to particular procedures established by state law. *Toussaint v. McCarthy*, 801 F.2d 1080, 1096-97 (9th Cir. 1986). On the basis of these authorities, the court finds that plaintiff's allegations concerning classification and housing fail to state a Fourteenth Amendment claim upon which relief may be granted.

Accordingly, it is hereby RECOMMENDED that this action be dismissed for plaintiff's failure to state a claim. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

////

////

1 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3 Dated:  December 15, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE